IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN JOHNSTON, | }<br>} |
| Plaintiff, | }<br>}<br>} No. 16-268)<br>} |
| vs. | }<br>} Magistrate Judge Baxter |
| JOHN WETZEL, et al, | }<br>}<br>} *Electronically Filed*.<br>} |
| Defendants. | } **JURY TRIAL DEMANDED** |

## ANSWER

AND NOW come defendants, by Josh Shapiro, by and through their undersigned counsel, and submit the following Answer to plaintiff's Complaint (ECF 1):

## FIRST DEFENSE

By way of preliminary statement and defense, after being housed in the RHU under AC status for 10 years at SCI-Forest, plaintiff was placed in a step-down program in or about July 2015. The goal of that program, which provides plaintiff with increased out-of-cell time (unrestrained), programming, employment and interaction with other staff and inmates, was to help him work toward removal from the RRL and eventual return to general population. He performed well in that program and his current RRL status and possibilities for future programming and housing are under review by the Secretary of Corrections and staff at Central Office. He continues to enjoy the benefits and freedoms of the step down program.[1]

---

[1] *By way of further statement, plaintiff's complaint appears to be copied in substantial part from a complaint filed in the Middle District by counsel for another inmate whose history, medical and mental*

1. It is admitted only that plaintiff is 66 years old, he has been housed in an RHU since approximately 1999 following his escape from SCI-Huntingdon, and was in the RHU at SCI-Forest, in AC status, from 2005 until 2015, when he commenced the step-down program described above. The remaining averments in ¶1 are denied.

2. Denied.

3-5. The averments of paragraphs 3, 4 and 5 are conclusions of law to which no response is required. By way of further response, many of the averments in the Complaint relate to decisions and/or actions which occurred in the Middle District, by DOC staff at Central Office.

6. Admitted only that plaintiff is a prisoner in the custody of the DOC and is currently housed at SCI-Forest. The remaining averments are denied as stated. Plaintiff's Complaint refers repeatedly to the term "solitary confinement" which is not a Department of Corrections term; therefore, Defendants deny any and all allegations utilizing this term. In an effort to fully respond to the Complaint, Defendants will attempt to provide further information responsive to the allegations asserted using Department of Corrections terminology, and in particular, referencing the RHU.

7. Admitted that Defendant Wetzel is the DOC Secretary at the address stated. The remaining averments are conclusions of law to which no response is required.

8. Admitted that Defendant Moore-Smeal is the DOC's Executive Deputy Secretary at the address stated. The remaining averments are conclusions of law to which no response is required.

---

*health conditions, and current status are not at all similar to plaintiff's situation (particularly given plaintiff's step down program and the freedoms he has at SCI-Forest).*

9. Admitted that Defendant Glunt is the Regional Deputy Secretary at the address stated. The remaining averments are conclusions of law to which no response is required.

10. Admitted that Defendant Overmyer is the SCI-Forest Superintendent at the address stated. The remaining averments are conclusions of law to which no response is required.

11. Admitted that Defendant Oberlander is the SCI-Forest Deputy Superintendent of Facilities Management at the address stated. The remaining averments are conclusions of law to which no response is required.

### Statement of Facts

12. Admitted based upon information and belief.

13. Denied as stated. While it is admitted that plaintiff escaped in 1999 from SCI-Huntingdon (in fact, from the RHU at that facility), defendants are without knowledge or information sufficient to form a belief as to the truth of the averments concerning how he did so or exactly how and when the escape was discovered.

14. Admitted only that plaintiff was apprehended on or about 8/20/99 after being on the run for several weeks, and he was subsequently housed at SCI-Camp Hill in the RHU, after being found guilty of multiple misconducts and sanctioned to disciplinary custody. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in ¶14.

15. Denied as stated. Plaintiff was housed at SCI-Camp Hill in the RHU until February 25, 2005, when he was transferred to SCI-Forest.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in ¶16.

17. Denied as stated. Plaintiff was transferred to SCI-Forest on the date alleged. He was housed in the RHU under AC status until mid-2015, when he was placed in a step-down program. In that program (and currently), plaintiff was given increased opportunities for out-of-cell time (unrestrained), programming, employment and interaction with other staff and inmates, the goal being to help him work toward removal from the RRL and eventual return to general population. He performed well in that program and his current RRL status and possibilities for future programming and housing are under review by the Secretary of Corrections and staff at Central Office. During the past 1 ½ years in the step down program, plaintiff has experienced much greater freedom and opportunities in comparison to other AC status inmates – he is offered up to 5-6 hours of out of cell activity, mostly unrestrained, every day (including 2 hours of outside exercise with other inmates), meals with other inmates, activities, and employment as a block worker (again, unrestrained).

18. Denied as stated. Defendants incorporate herein their responses to ¶¶6 and 17 above.

19. Denied. While on the RRL at SCI-Forest, plaintiff was afforded 2 hours of outside exercise, 5 days a week. Moreover, as stated in response to ¶17, which is incorporated herein, he has had vastly increased freedom and opportunity for interaction with others in the past 1 ½ years.

4

20. Denied. By way of further response, plaintiff and other RRL inmates have been housed on SCI-Forest's newly constructed K block since late 2013, and not with disciplinary custody or seriously mental ill inmates.

21. Denied.

22. Denied as stated. While on the RRL at SCI-Forest, plaintiff was afforded 2 hours of outside exercise. Moreover, exercise with other inmates while on the step down program involved a larger exercise area. Defendants incorporate herein their responses to ¶¶6 and 17 above.

23. Denied as stated. It is admitted that while housed in the RHU at SCI-Forest, plaintiff does not have access to exercise or recreational equipment.

24. Denied as stated. Defendants incorporate herein their responses to ¶¶6 and 17 above.

25. Denied as stated. It is admitted that while housed in the RHU at SCI-Forest, plaintiff's visitations, non-contact, have taken place through a partition.

26. Denied.

27. Denied as stated. It is admitted that while housed in the RHU at SCI-Forest, plaintiff is subject to mandatory strip searches when leaving his cell.

28. Denied.

29-51. Denied.

52. Denied as stated. Defendants admit only that in or around 2003/2004 the DOC created the Restricted Release List (RRL) and that inmates placed on the RRL are housed in the RHU.

53. Admitted.

5

54. Admitted.

55. Denied as stated. Defendants admit only that the Secretary is the ultimate decision maker regarding whether to keep an inmate on the RRL.

56. Denied as stated. Defendants admit only that since approximately 2012, DOC policy has mandated annual review of inmates on the RRL.

57. Denied as stated. The policy contemplates annual review of RRL status commenced at the time of the inmates annual review process.

58. Admitted only that a form referred to as a DC-46 Vote Sheet is circulated among select staff members and officials at the DOC so they can provide input as to the continued appropriateness of keeping the inmate on the RRL. The remaining averments are denied.

59. Admitted only that the Regional Deputy Secretary and Executive Deputy Secretary provide input as to the continued appropriateness of keeping an inmate on the RRL. The remaining averments are denied.

60. Admitted only that Secretary Wetzel makes the ultimate decision as to whether an inmate remains on the RRL. The remaining averments are denied.

61. Denied.

62. Admitted that plaintiff is not given a "written" document concerning the Regional Deputy and Secretary recommendations/decisions, and that there is no appeal for the final decision.

63. Denied.

64. Admitted only that plaintiff is seen by PRC every 90 days. The remaining averments are denied.

65. Denied.

66. Denied as stated.  It is admitted only that the consensus (agreed to by the Secretary) was to formulate a step-down plan for plaintiff's next review in 2015.

67. Denied.

68. It is not clear what plaintiff is alleging and thus, the averments are denied. Defendants incorporate herein their response to ¶66.

69. Denied that there was to be an accelerated program.  The remaining averments are denied as stated, since the consensus was to formulate and develop a step down program which started in or around July 2015.

70. Denied as stated. Plaintiff's step down program was anticipated to be a 1 to 1 ½ - year program.  These defendants were satisfied with plaintiff's progress as of mid-2016 but wanted to submit a more complete, and fully documented package to Central Office for plaintiff's RRL review – which was to his advantage.  Accordingly, the Unit Team was requested to submit further documentation and information concerning the program, plaintiff's goals and his actions/progress.

71. Denied.  By way of further response, defendants incorporate herein their response to ¶70.

72. Denied.

73. Denied.

74. Admitted that plaintiff has not been charged with any disciplinary misconduct since approximately 2003.  The remaining averments are denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied. By way of further response, Central Office staff, including Regional Deputies and the Secretary all recommended formulation of a step down plan (a 1 to 1 ½ year plan) starting in mid-2015. Defendants at SCI-Forest did just that.

79-82. Denied.

83. Admitted.

84. Denied as stated.

85. Denied.

86. Denied as stated. Defendants incorporate herein their responses to ¶¶6 and 17.

87. Denied.

88. Denied as stated. It is admitted that Defendant Smeal is Executive Deputy Secretary of the DOC; she offers input as to the continued appropriateness of maintaining plaintiff on the RRL.

89. Denied as stated.

90. Denied.

91. Denied as stated. Defendants incorporate herein their responses to ¶¶6 and 17.

92. Denied as stated. Defendants incorporate herein their responses to ¶¶6 and 17.

93. Denied.

94. Denied as stated. It is admitted that Defendant Glunt is the Regional Deputy Secretary of the DOC for the Western Region; he offers input as to the continued appropriateness of maintaining plaintiff on the RRL.

95. Denied as stated.

96. Denied.

97. Denied as stated. Defendants incorporate herein their responses to ¶¶6 and 17.

98. Denied.

99. Denied as stated. It is admitted that Defendant Overmyer is the Superintendent at SCI-Forest; he offers input as to the continued appropriateness of maintaining plaintiff on the RRL.

100. Denied as stated.

101-107. Denied.

108. Denied as stated. It is admitted that Defendant Oberlander is the Deputy Superintendent of Facilities Management at SCI-Forest; he offers input as to the continued appropriateness of maintaining plaintiff on the RRL.

109. Admitted that this defendant frequently is on PRC.

110. Denied as stated.

111-116. Denied.

117. Denied.

118. Denied as stated. The DC-46 vote sheet is highly confidential and contains frank, candid assessments by staff which cannot be shared with inmates for

9

security and safety reasons; therefore, it is admitted that plaintiff has not been able to review that document.

119-123. Denied.

124. Denied as stated, since the DOC 802 policy is a written document which speaks for itself.

125. Admitted generally, although since mid-2015, plaintiff's situation, including his freedom of movement and privileges, bear little resemblance to AC status inmates.

126. Denied as stated since plaintiff appears to be referencing grievances and appeals, which are writings and speak for themselves.

127. The averments concerning filing AC appeals and grievances are denied as stated since these documents are writings which speak for themselves. The remaining averments characterizing those filings and accusing defendants of violating plaintiff's rights or improper actions are denied.

128. Denied.

129. Denied.

## COUNT I – Eighth Amendment

130. Defendants incorporate herein their responses to ¶¶1 through 129 as though fully set forth.

131-134. Denied.

## COUNT II – Procedural Due Process

135. Defendants incorporate herein their responses to ¶¶1 through 134 as though fully set forth.

136. Denied.

## COUNT III – Substantive Due Process

137.   Defendants incorporate herein their responses to ¶¶1 through 136 as though fully set forth.

138.   Denied.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim on which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendants' actions and decisions with respect to plaintiff were based upon legitimate penological interests, including security concerns and concern for staff and inmate safety, and at no time did defendants act with deliberate indifference toward plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly exhaust his remedies under the PLRA or has procedurally defaulted.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff seeks relief from the defendants in their official capacity for claims in the nature of a constitutional violation, such relief is barred by the Eleventh Amendment.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff suffered no actual injury as required under the PLRA and is limited to nominal damages, if any.

SEVENTH AFFIRMATIVE DEFENSE

Defendants were at all times acting in good faith and in an objectively reasonable manner and did not violate any clearly established federal right of plaintiff. Therefore, they are entitled to qualified immunity and/or qualified good faith immunity from civil damages.

EIGHTH AFFIRMATIVE DEFENSE

Defendants have at all relevant times had legitimate penological reasons for housing plaintiff in the RHU and on the RRL.

NINTH AFFIRMATIVE DEFENSE

At no time have defendants, either individually or in concert with others, deprived or sought to deprive the plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

TENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff asserts state law claims, they are barred by the Pennsylvania Sovereign Immunity Act.

ELEVENTH AFFIRMATIVE DEFENSE

Defendants have at all times provided plaintiff with a meaningful review of his placement in the RHU and on the RRL.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred under the PLRA.

13

WHEREFORE, Defendants request that plaintiff's Complaint be dismissed with prejudice.

A JURY TRIAL IS HEREBY DEMANDED.

                                    Respectfully submitted,

                                    JOSH SHAPIRO
                                    Attorney General

                                    /s/Mary Lynch Friedline

Office of Attorney General            Mary Lynch Friedline
6th Floor, Manor Complex           Senior Deputy Attorney General
564 Forbes Avenue                   Attorney I.D. No. 47046
Pittsburgh, PA 15219

Date: February 5, 2017

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2017, I electronically filed the foregoing ***Defendants' Answer to the Complaint*** with the Clerk of Court using the CM/ECF system. This document will be mailed via U.S. mail to the following non CM/ECF participants:

**NORMAN JOHNSTON**
AY 8624
SCI FOREST
K
PO BOX 945
MARIENVILLE, PA 16239

                                  By:   /s/ Mary Lynch Friedline
                                          MARY LYNCH FRIEDLINE
                                          Senior Deputy Attorney General

Office of Attorney General
564 Forbes Avenue
Manor Complex
Pittsburgh, PA 15219